# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **CASE NUMBER: 4:19cr37-MW**

**LISA NICHOLS**

_____/

## STATEMENT OF FACTS

THE UNITED STATES OF AMERICA and Defendant provide this factual basis for the acceptance of Defendant Lisa Nichols' plea of guilty. This Statement of Facts does not contain each and every fact relating to the commission of the offenses charged in the indictment in the captioned case, but is a recitation of those facts necessary to provide a factual basis for Defendant's plea. Were this case to proceed to trial, the Government is prepared to present evidence as follows:

An FDLE investigation targeting methamphetamine trafficking in the Liberty, Leon, and nearby multi-county region identified Robert Michael Dork as an active methamphetamine trafficker.

Multiple cooperating individuals provided information regarding the drug-trafficking activities of Dork, indicating that he was involved in the distribution of up to kilogram quantities of methamphetamine. In November 2018, a cooperating source (CS#1) provided information that within the past several months, CS#1 had

FILED IN OPEN COURT THIS

August 2, 2019

CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

accompanied Dork to Cairo, Georgia, in order to pick up three ounces of methamphetamine as well as two ounces of heroin from a drug source of supply there.

CS#1 also explained that codefendant Lisa Nichols was involved with Dork and assisted his activities, acting as a sub-distributor. After Nichols was arrested on January 30, 2019 (subsequent to a controlled drug purchase outlined below), CS#1 stated that Dork was concerned about what Nichols might say after her arrest, since just before she was arrested, Nichols had sold two ounces of methamphetamine for Dork to one of his drug customers. Dork also mentioned to CS#1 that Nichols was in possession of his cell phone when she had been arrested.

Through a cooperating source who knew Dork, in the fall of 2018, investigators arranged an introduction of an FDLE undercover (UC) agent to Dork. Subsequent to this introduction, the UC conducted a series of controlled purchases of methamphetamine as well as heroin.

On December 7, 2018, the UC conducted a hand-to-hand transaction with Dork for two ounces of methamphetamine and a quantity of heroin.

On January 30, 2019, another transaction, this one for two ounces of methamphetamine, was negotiated between the UC and Dork. Prior to the actual transaction, Dork engaged in recorded negotiations with the UC for the purchase of two ounces of methamphetamine (similar in content to prior transactions between

the UC and Dork, but on a new number that Dork had shared with the UC several days prior to the actual January 30, 2019, drug transaction).  Dork informed the UC that a female, later positively identified as Nichols, would conduct the drug transaction with the UC.  Nichols then met with the UC and conducted the drug sale. After departing the drug transaction with the UC, Nichols was stopped by Leon County Sheriff's deputies.  Nichols was found in possession of a small quantity of cocaine, digital scales (with observable methamphetamine residue on it,) and the currency that had just been exchanged in the drug transaction, along with two cellular telephones (one of which was verified by investigators to be used by Dork).

## **ELEMENTS**

Conspiracy to Distribute and Possession With Intent to Distribute heroin, fentanyl, 50 grams or more of methamphetamine, or 500 grams or more of a mixture and substance containing methamphetamine,  – Title 21, U.S.C. Section 846:

1)    two or more persons in some way agreed to accomplish a shared an unlawful plan to possess with intent to distribute or distribute methamphetamine;

2)    Defendant knew the unlawful purpose of the plan and willfully joined in it;

3)    the object of the unlawful plan was to distribute and possess with intent to distribute heroin, fentanyl, 50 grams or more of methamphetamine, and more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

Distribution of Methamphetamine-21, U.S.C. §841(b)(1)(A)(viii):

1)    the Defendant knowingly and intentionally distributed methamphetamine; and

3

2)      this offense involved at least 50 grams or more of methamphetamine, its salts, isomers, and salts of isomers.

LAWRENCE KEEFE
UNITED STATES ATTORNEY

ERIC K. MOUNTIN
Texas Bar No. 00784649
Assistant United States Attorney
Northern District of Florida
111 N. Adams Street, 4th Floor
Tallahassee, Florida 32301
(850) 942-8430
eric.mountin@usdoj.gov

8/2/19
Date

## Defendant's Acknowledgement

I have read the above Statement of Facts and agree that the government can present evidence as set out above. I understand that I may present the Court with my own version of the facts and may dispute particular allegations against me.

LISA NICHOLS
Defendant

8-2-19
Date

RICHARD GREENBERG
Attorney for Defendant

8/0/19
Date

4